# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/03/15
```

July 29, 2015

BY ECF

Honorable Analisa Torres
Southern District of New York
500 Pearl Street
New York, New York 10007

>   Re:   Request for Extension of Time to File Motion for Substitution in
>         *iPayment, Inc. v. 1st AmeriCard, Inc., Greg Grainger and Kelly Grainger*,
>         No. 15 Civ. 1904 (S.D.N.Y.)

Dear Judge Torres:

We represent Petitioner iPayment, Inc. ("iPayment" or "Petitioner") in the above-referenced matter. Pursuant to Section I.D of Your Honor's Individual Practices in Civil Cases, we respectfully submit this letter-motion to request a 60-day extension of the period to file a Motion for Substitution of the Representative of Greg Grainger's Estate as the Proper Party. This is iPayment's first request for an extension. We reached out to counsel for Respondents on July 28, 2015 and received consent to this application. The current deadline to file a motion for substitution is on August 5, 2015, which is 90 days after service of the notice of the death of respondent Greg Grainger, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure ("FRCP"). While iPayment is prepared to make a motion to substitute by the August 5 deadline, as of today, no representative of the estate of Greg Grainger has been appointed. The 60-day extension would provide the additional time needed for a representative to be appointed to Greg Grainger's estate in North Carolina and allow iPayment to file a motion for substitution by October 4, 2015.

### A.   Background

This matter arose out of an arbitration proceeding in which the arbitrator awarded damages to iPayment pursuant to a Partial Final Award on February 11, 2015, annexed hereto as Exhibit A, and a Final Award on March 31, 2015, annexed hereto as Exhibit B. In the transaction at issue, iPayment entered into an Asset Purchase Agreement with 1st AmeriCard on June 28, 2013, pursuant to which iPayment paid 1st AmeriCard the sum of $4,867,852.32 (the "Purchase Price") in exchange for 1st AmeriCard's merchant portfolio and the residual income derived therefrom. *See* Ex. A, pp. 1-2. As conceded by

Respondents Greg Grainger and Kelly Grainger, the Purchase Price quickly was transferred out of 1st AmeriCard's corporate bank account and into the separate personal accounts of Mr. and Mrs. Grainger. *See id.* at p. 6. As a result of this transfer of funds, 1st AmeriCard was left thinly capitalized, with a mere $20,000 in its account. *See id.*

      a.      The Arbitration

Further detail concerning the arbitration is set out in Petitioner's Supplemental Petition to Confirm the Final Arbitration Award, filed on April 7, 2015, and the exhibits thereto. *See* ECF No. 10. In short, a hearing was held on November 10–13, 2014 before arbitrator William H. Crosby (the "Arbitrator"). On February 11, 2015, the Arbitrator made his Partial Final Award in writing, whereby he determined and awarded that there is due jointly and severally from Respondents, Greg Grainger, Kelly Grainger, and 1st AmeriCard, to the Petitioner, iPayment, the net sum of $1,930,073.35, with interest on this amount at the rate of 9% per annum from the date of the Award until the date the Award is satisfied. The Arbitrator also awarded reasonable attorneys' fees to the Petitioner. The Partial Final Award states that the award "is in full settlement of all claims submitted to the arbitration, save for the separate and discrete issues of the amount of the award of attorneys' fees to be made to Claimant, the allocation of the administrative fees of the AAA, and the compensation and expenses of the Arbitrator[.]" *See* Ex. A, p. 7.

      b.      Pending Motion to Confirm Arbitration Award

On February 13, 2015, iPayment submitted its Petition to Confirm the Partial Final Arbitration Award in the Supreme Court of the State of New York, County of New York. On March 12, 2015, the matter was removed to the U.S. District Court for the Southern District of New York. On March 13, 2015, Respondents filed their Response and Affirmative Defenses to the Petition to Confirm. On March 20, 2015, Respondents moved to oppose iPayment's Petition to Confirm and to Vacate the Arbitration Award as to Greg Grainger and Kelly Grainger individually. *See* ECF No. 3. On March 30, 2015, iPayment submitted its papers in further support of its Petition to Confirm and in opposition to Respondents' Motion to Vacate. *See* ECF Nos. 6-7.

On March 31, 2015, the Arbitrator made his Final Award in writing, which is substantively identical to the Partial Final Award, with a supplemental finding that there is due jointly and severally from Respondents, Greg Grainger, Kelly Grainger, and 1st AmeriCard, to the Petitioner, iPayment, the net sum of $400,991.39 in attorney's fees and the net sum of $19,200.00 in arbitration fees. On April 7, 2015, iPayment submitted its Supplemental Petition to Confirm the Final Award to this Court. *See* ECF No. 10. On April 16, 2015, Respondents filed reply papers in further support of their Motion to Vacate. *See* ECF No. 12.

c. Death of Respondent Greg Grainger

Upon information and belief, Respondent Greg Grainger died on April 24, 2015, as evidenced by an obituary and a newspaper article, both available online. *See* Petition to Declare Renunciation, Ex. D, pp. 4-5. On or about May 7, 2015, Respondent Kelly Grainger filed a Statement Noting a Party's Death, indicating the death of Respondent Greg Grainger (the "Decedent"). A copy of the statement is annexed hereto as Exhibit C. Thereafter, iPayment provided time for the survivors of the Decedent to appoint a representative for his estate and presumed that such an appointment would be made. However, after some additional inquiry, it became apparent that the survivors planned to do nothing. Counsel for Respondents advised on June 3, 2015 that the survivors, including the wife of the Decedent and a respondent in this action, Kelly Grainger, had no intention of probating an estate for the Decedent. Upon information and belief (based on the efforts of iPayment's North Carolina counsel), no will of the decedent has been submitted to probate in Union County, North Carolina or in any other jurisdiction, and no executor has applied to have a will proved within 60 days after the death of the decedent. Local counsel found that no application for intestate administration has been commenced in Union County, North Carolina, and no other proceeding for administration of the estate is pending in any other jurisdiction. In fact, none of Greg Grainger's heirs, including Kelly Grainger, his surviving spouse, Jessica Grainger, his daughter, and Ashley Coucik, his daughter, have qualified as executrix or applied for letters of administration within 30 days from the date of death of the Decedent pursuant to the laws of North Carolina.

iPayment also presumed that Respondents would make a motion to substitute a representative on behalf of the Decedent in this action, but learned on June 3, 2015 from their counsel that they had no intention to do so. Thus, iPayment at that time had no choice but to commence the process to cause the appointment of a representative and to then move for substitution under FRCP 25(a)(1).

d. Appointment Proceedings in North Carolina

iPayment began the process of obtaining counsel to take the steps needed to have a representative appointed for the Decedent in North Carolina in June 2015, which culminated on July 6, 2015 with iPayment filing a Notice and Petition to Declare Renunciation of each survivor's right to serve as a personal representative to the estate of Greg Grainger. A copy of the Petition to Declare Renunciation, filed in the Superior Court for the State of North Carolina, County of Union, is annexed hereto as Exhibit D. Under the laws of North Carolina (N.C.G.S. § 28A-5-2(b)(1)), the survivors have 15 days to respond from the date of service of the Petition to Declare Renunciation. The survivors' deadline to respond is no later than August 3, 2015.

As of the date of this filing, no survivors of the Decedent have replied to iPayment's Petition to Declare Renunciation. The deadline to file a motion for substitution is August 5, 2015 (90 days after service of a statement noting the death,

pursuant to FRCP 25(a)(1)). While appointment of a representative may take place by August 5, 2015, it is possible that the process of appointment needed to substitute a representative will take longer. Thus, Petitioner brings this motion to enlarge the time to move for substitution by 60 days.

### B.  Motion to Extend Time to Move for Substitution

Because none of the Respondents have done so, iPayment will move for entry of an order authorizing a representative for the estate of Greg Grainger to be substituted as the respondent in this proceeding pursuant to FRCP 25(a)(1). FRCP 25 provides in pertinent part:

> (a)  Death.
>
> > (1)  *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). "Only a party to an action or the successors or representatives of a deceased party may make a motion for substitution when a party to an action dies." *Morales v. CT Holdings, Inc.*, No. 01 Civ. 1303(KMW)(KNF), 2001 WL 1204011, at *1 (S.D.N.Y. Oct. 10, 2001). "A proper party for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Adler v. Bank of Am., N.A.*, No. 13 Civ. 4866 VB, 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015), quoting *Garcia v. City of N.Y.* ("*Garcia*"), No. 08 Civ. 2152(RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009). "A representative is defined as a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate." *Jimenez-Rodoli v. Dist. 15 Machinist's Union*, No. 10 Civ. 8378(RJS)(KNF), 2011 WL 4494555, at *1-2 (S.D.N.Y. Sept. 27, 2011), quoting *Garcia*, 2009 WL 261365, at *1.

iPayment is a party to this action and is prepared to make a motion for substitution within 90 days of service of the notice of death, but as of today no representative of the estate has been appointed. iPayment's right to enforce the Final Award against Respondents 1st AmeriCard, Greg Grainger, and Kelly Grainger has not been extinguished by the death of Greg Grainger. Therefore, iPayment will be entitled to an order authorizing it to substitute the representative for the estate of Greg Grainger as the proper party to this action once such representative is appointed. Due to the survivors' willful refusal to probate the estate of the Decedent and substitute a representative for Mr. Grainger, iPayment has to not only make a motion for substitution but also take the steps necessary to have a representative appointed in North Carolina for

the Decedent's estate. It is anticipated that such appointment will occur within the next few weeks.

Under FRCP 25(a)(1), the time to file a motion for substitution may be extended beyond the 90-day deadline pursuant to Rule 6(b), which provides that the court may extend the time to file a motion if a request is made before the original time to file the motion expires. *See* Fed. R. Civ. P. 6(b). It is possible that the appointment of a representative will be made on or before August 5, 2015, which would be the 90-day deadline to file a motion for substitution, but it is also possible that a representative could be appointed thereafter for a number of reasons, particularly since the timing of the application for probate will rest in the hands of the person iPayment nominates to serve as administrator of the estate (but which person shall be adverse to iPayment in this matter).

Accordingly, iPayment respectfully requests a 60-day enlargement of its time to file a motion for substitution pursuant to FRCP 25(a)(1) and 6(b), extending the time to file to October 4, 2015, and for such other and further relief that the Court deems just and proper. iPayment will promptly move for substitution after an estate representative is appointed in North Carolina.

Respectfully submitted,

William F. Dahill

cc: Craig T. Mierzwa, Esq. (by overnight mail and email)

GRANTED. Petitioner shall file its motion for substitution by **October 5, 2015**.

SO ORDERED.

Dated: August 3, 2015
New York, New York

_____
ANALISA TORRES
United States District Judge