UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
IPAYMENT, INC.,                                                   :  Case No. 15-CV-01904 (AT)
                                                                  :
                              Petitioner,                         :  **ECF Case**
                                                                  :
       -against-                                                  :
                                                                  :
                                                                  :
1ST AMERICARD, INC., GREG GRAINGER                                :
AND KELLY GRAINGER,                                               :
                                                                  :
                              Respondents.                        :
                                                                  :
------------------------------------------------------------------X

## IPAYMENT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SUBSTITUTE KELLY GRAINGER AS THE PROPER PARTY ON BEHALF OF GREG GRAINGER'S ESTATE PURSUANT TO RULE 25(A)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

iPayment, Inc. ("iPayment" or "Petitioner"), by and through its attorneys, Wollmuth Maher & Deutsch LLP, hereby submits this Memorandum of Law in Support of its Motion for Entry of an Order Authorizing the Substitution of Kelly Grainger as the Proper Party on Behalf of Greg Grainger's Estate Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure ("FRCP"), and for Related Relief.

### PRELIMINARY STATEMENT

On August 3, 2015, this court permitted iPayment additional time to move to substitute for decedent Greg Grainger, which extension was required due to the failure of Respondents to make an effort to have an executor or administrator appointed for Mr. Grainger's estate, let alone to move to substitute for him as a party. After Petitioner was required to commence a proceeding in North Carolina to force the appointment of a representative of the estate, Kelly Grainger finally agreed to become administrator thereof, and she is now qualified to be

substituted for Mr. Grainger. Petitioner, however, has just learned that Kelly Grainger has been foot dragging as part of a concerted effort to stall to permit her to try to hide her assets in an attempt to frustrate collection on a judgment against her, which effort began long before the death of Greg Grainger. This conduct is addressed below. Accordingly, Petitioner respectfully requests that its motion for an order authorizing the substitution of Kelly Grainger for the Decedent-Respondent, Greg Grainger, be granted, and that its pending application for confirmation of the arbitration award against, *inter alia*, Kelly Grainger be granted so that Petitioner immediately can begin the process of collecting what is due to it.

## BACKGROUND

The Parties

1. At all times hereinafter mentioned, iPayment was and still is a corporation organized and existing under the laws of Delaware with its principal offices located in the City of New York, State of New York.

2. Respondent 1st AmeriCard, Inc. ("1st AmeriCard") was and still is a corporation organized and existing under the laws of North Carolina with its principal offices located in the City of Charlotte, State of North Carolina.

3. Respondent Kelly Grainger resides in Charlotte, North Carolina, but apparently is attempting to "relocate" to Florida to avoid the consequences of a judgment.

The Sale of Assets

4. iPayment entered into an Asset Purchase Agreement with 1st AmeriCard on June 28, 2013, pursuant to which iPayment paid 1st AmeriCard the sum of $4,867,852.32 (the "Purchase Price") in exchange for 1st AmeriCard's merchant portfolio and the residual income derived therefrom. *See* Final Award (defined below), Ex. B, pp. 1-2.

5. As conceded by Mr. and Mrs. Grainger, the Purchase Price quickly was transferred out of 1st AmeriCard's corporate bank account and into the separate personal accounts of Respondents Greg Grainger and Kelly Grainger. *See id.* at p. 6.

6. As a result of this transfer of funds, 1st AmeriCard was left thinly capitalized, with a mere $20,000 in its account. *See id.*

The Arbitration

7. Further detail concerning the arbitration is set out in Petitioner's Supplemental Petition to Confirm the Final Arbitration Award, filed on April 7, 2015. *See* ECF No. 10.

8. In short, a hearing was held on November 10-13, 2014 before arbitrator William H. Crosby (the "Arbitrator").

9. On February 11, 2015, the Arbitrator made his Partial Final Award in writing (the "Partial Final Award"), whereby he determined and awarded that there is due jointly and severally from Respondents, Greg Grainger, Kelly Grainger, and 1st AmeriCard, to the Petitioner, iPayment, the net sum of $1,930,073.35, with interest on this amount at the rate of 9% per annum from the date of the Award until the date the Award is satisfied. The Arbitrator also awarded reasonable attorneys' fees to the Petitioner. A copy of the Partial Final Award is annexed hereto as Exhibit A ("Ex. A").

10. The Partial Final Award states that the award "is in full settlement of all claims submitted to the arbitration, save for the separate and discrete issues of the amount of the award of attorneys' fees to be made to Claimant, the allocation of the administrative fees of the AAA, and the compensation and expenses of the Arbitrator[.]" *See* Ex. A, p. 7.

Pending Motion to Confirm Arbitration Award

11. On or about February 13, 2015, iPayment submitted its Petition to Confirm the Partial Final Award in the Supreme Court of the State of New York, County of New York.

12. On or about March 12, 2015, Respondents filed a notice removing the matter to the U.S. District Court for the Southern District of New York.

13. On or about March 13, 2015, Respondents filed their Response and Affirmative Defenses to the Petition to Confirm the Partial Final Award.

14. On or about March 20, 2015, Respondents moved to vacate the arbitration award as to Greg Grainger and Kelly Grainger individually.

15. On or about March 30, 2015, iPayment submitted its memorandum of law in further support of its Petition to Confirm the Partial Final Award and in opposition to Respondents' Motion to Vacate the Partial Final Award.

16. On March 31, 2015, the Arbitrator made his Final Award in writing (the "Final Award"), signed and affirmed on March 31, 2015, which is substantively identical to the Partial Final Award, with a supplemental finding that there is due jointly and severally from Respondents, Greg Grainger, Kelly Grainger, and 1st AmeriCard, to the Petitioner, iPayment, the net sum of $400,991.39 in attorney's fees and the net sum of $19,200.00 in arbitration fees. A copy of the Final Award is annexed hereto as Exhibit B ("Ex. B").

17. On or about April 7, 2015, iPayment submitted its Supplemental Petition to Confirm the Final Award to this Court. *See* ECF No. 10.

18. On or about April 16, 2015, Respondents filed a reply memorandum of law in further support of their Motion to Vacate the Arbitration Award. *See* ECF No. 12.

4

Death of Respondent Greg Grainger

19. Upon information and belief, Greg Grainger died on April 24, 2015, as evidenced by an obituary and a newspaper article available online. *See* Petition to Declare Renunciation (defined below), Ex. D, pp. 4-5.

20. On or about May 7, 2015, Respondent Kelly Grainger filed a Statement Noting a Party's Death, indicating the death of Respondent Greg Grainger (the "Decedent"). A copy of the statement is annexed hereto as Exhibit C ("Ex. C").

21. Thereafter, iPayment provided time for the survivors of the Decedent to appoint a representative for his estate and presumed that such an appointment would be made. However, after some additional inquiry, it became apparent that the survivors planned to do nothing. Counsel for Respondents advised on June 3, 2015 that the survivors, including the wife of the Deceased and a respondent in this action, Kelly Grainger, had no intention of creating an estate for the Decedent.

22. iPayment also presumed that Respondents would make a motion to substitute a representative on behalf of the Deceased in this action, but learned on June 3, 2015 from their counsel that they had no intention to do so. Thus, iPayment at that time had no choice but to commence the process to cause the appointment of a representative and to then move for substitution under FRCP 25(a)(1).

Appointment Proceedings in North Carolina

23. iPayment began the process of having a representative appointed for the Decedent in North Carolina in June 2015, which culminated on July 6, 2015 with iPayment filing a Notice and Petition to Declare Renunciation of each survivor's right to serve as a personal representative to the estate of Greg Grainger (the "Petition to Declare Renunciation"). A copy of

the Petition to Declare Renunciation, filed in the Superior Court for the State of North Carolina, County of Union, is annexed hereto as Exhibit D ("Ex. D").

24. Under the laws of North Carolina, the survivors had 15 days to respond from the date of service of the Petition to Declare Renunciation. The survivors were served on July 17, 2015 and their deadline to respond was no later than August 3, 2015.

25. On or about July 29, 2015, Petitioner filed a letter-motion to request an extension of time to move for substitution due to the pending North Carolina proceedings brought solely for the purpose of having an administrator appointed for Greg Grainger's estate. *See* ECF No. 15.

26. On or about July 31, 2015, Kelly Grainger moved for a 15-day extension of time to apply for letters of administration for Greg Grainger's estate, extending her deadline to apply to August 17, 2015.

27. On or about August 3, 2015, this Court granted Petitioner's request for an extension of time to file the within motion. *See* ECF No. 16.

28. On or about August 3, 2015, iPayment consented to Kelly Grainger's request for an extension of time to respond to the Petition to Declare Renunciation to August 17, 2015.

29. On or about August 14, 2015, the Superior Court of Union County, North Carolina appointed Kelly Grainger as administrator of the estate of Greg Grainger. A copy of the filing authorizing that letters be issued to Kelly Grainger for administration of the estate is annexed hereto as Exhibit E ("Ex. E").

Kelly Grainger's Efforts to Hide Assets

30. Only this week, Petitioner has learned that Mrs. Grainger has been involved in an intricate effort to hide assets and to protect her assets from a judgment. These efforts are

6

consistent with the conduct by which the Arbitrator found her to be personally liable for the award in this matter.

31. For example, according to public records from Union County, North Carolina, on February 20, 2015 (less than 10 days from issuance of the Partial Final Award), Kelly Grainger (née McGinnis) filed a quitclaim deed purporting to transfer her interest in a property located at 17107 Cambridge Woods Court, Charlotte, North Carolina (the "Charlotte Property") to Weakley Getaways, LLC ("Weakley Getaways"), a property management company based in Panama City, Florida that is owned by Mrs. Grainger's sister, Cathy Barker, and brother-in-law, Gordon Hamilton Weakley. A copy of the quitclaim deed for the Charlotte Property, registered on February 20, 2015, is annexed hereto as Exhibit F ("Ex. F"). The stated purchase price for the Charlotte Property in the quitclaim deed is $100. *See id.* at p. 1.

32. In March 2015, Greg and Kelly Grainger executed a non-warranty deed transferring the Charlotte Property to Weakley Getaways. A copy of the non-warranty deed for the Charlotte Property, registered on March 26, 2015, is annexed hereto as Exhibit G ("Ex. G"). Weakley Getaways received no payment in exchange for the Charlotte Property under the non-warranty deed. *See id.* Notably, Weakley Getaways is not authorized to do business in North Carolina, and in fact, is in reality a Florida-based business. A copy of the corporate details for Weakley Getaways, LLC located on the Florida Department of State's website for the Division of Corporations, based on a search performed on August 17, 2015, is annexed hereto as Exhibit H ("Ex. H").

33. In April 2015, Weakley Getaways promptly sold the Charlotte Property to a Charles Michael Harris for approximately $248,500, based upon the excise tax shown on the

7

deed. A copy of the general warranty deed in connection with the sale of the Charlotte Property, registered on April 28, 2015, is annexed hereto as Exhibit I ("Ex. I").

34. In March 2015, Kelly Grainger purchased a house located at 1027 Barracuda Drive, Panama City Beach, Florida. A copy of the corporate warranty deed in connection with the purchase of property located at 1027 Barracuda Drive, Panama City Beach, Florida, recorded on March 12, 2015, is annexed hereto as Exhibit J ("Ex. J"). Although this purchase preceded Greg Grainger's death, his name does not appear on the deed. *See id.* The deed states that Mrs. Grainger's permanent address is 8201 Grand Palm Boulevard, Panama City Beach, Florida, which is Weakley Getaway's (and Mrs. Grainger's sister's) address. *See id.* Petitioner will contest Mrs. Grainger's efforts to establish a "homestead" at this location (or otherwise) in order to hide assets.

35. Tax records from Union County, North Carolina show that the Graingers owned a Cadillac Roadster as recently as 2013 and a Mercedes S5F as recently as 2012. A copy of a Tax Collection Payment Search performed for Greg Grainger and Kelly Grainger through the Union County Tax Administration website on or about August 17, 2015 is annexed hereto as Exhibit K ("Ex. K"). However, neither of these cars currently appear to be registered under the names Grainger or McGinnis in Union County. *See id.*

36. During their depositions on July 24-25, 2014 and the arbitration hearing testimony provided on November 10-13, 2014, the Graingers testified that they resided at 332 Old Mill Road, Waxhaw, North Carolina (the "Waxhaw House"). According to a recent tax collection payment search, this property appears to be the last verifiable asset owned by Kelly Grainger that is currently located in North Carolina. *See* Ex. K.

## ARGUMENT

37. Because none of the Respondents have done so, iPayment moves for entry of an order authorizing Kelly Grainger, the appointed administrator for the estate of Greg Grainger, to be substituted as the respondent in this proceeding pursuant to FRCP 25(a)(1).

38. FRCP 25 provides in pertinent part:

(a) Death.

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

39. "Only a party to an action or the successors or representatives of a deceased party may make a motion for substitution when a party to an action dies." *Morales v. CT Holdings, Inc.*, No. 01 CIV. 1303 KMWKNF, 2001 WL 1204011, at *1 (S.D.N.Y. Oct. 10, 2001).

40. "A proper party for substitution is either a 'representative of the deceased party's estate' or a 'successor of the deceased party.'" *Adler v. Bank of Am., N.A.*, No. 13 CV 4866 VB, 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015), quoting *Garcia v. City of N.Y.*, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009). "A representative is defined as a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate." *Jimenez-Rodoli v. Dist. 15 Machinist's Union*, No. 10 CIV. 8378 RJS KNF, 2011 WL 4494555, at *1-2 (S.D.N.Y. Sept. 27, 2011), quoting *Garcia v. City of New York*, No. CV 08–2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009).

41. iPayment is a party to this action and is making this motion within the timeframe permitted by the Court pursuant to its order dated August 3, 2015. *See* ECF No. 16.

42. iPayment's right to enforce the Final Award against Respondents 1st AmeriCard, Greg Grainger, and Kelly Grainger has not been extinguished by the death of Greg Grainger.

43. On August 14, 2015, the Superior Court of Union County, North Carolina issued letters to Kelly Grainger authorizing her to administer the estate of Greg Grainger. *See* Ex. G. As the administrator of Greg Grainger's estate, Kelly Grainger is the proper party to be substituted for Greg Grainger as a respondent in this action.

44. Based upon Kelly Grainger's apparent efforts to hide her assets and avoid liability for damages under the Final Award, iPayment urgently seeks an order from the Court authorizing it to substitute Kelly Grainger, the administrator of the estate of Greg Grainger, as the proper party to this action, so that it may proceed with confirming the Final Award and collecting on that judgment.

WHEREFORE, Petitioner respectfully requests that the Court grant its Motion for an Order Authorizing the Substitution of Kelly Grainger on Behalf of the Estate of Greg Grainger as the Proper Party Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, and such other and further relief that the Court deems just and proper.

Dated: August 19, 2015
New York, New York

WOLLMUTH MAHER & DEUTSCH LLP

By: _____
William F. Dahill
Devika Persaud

500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Petitioner iPayment, Inc.*

To:  Craig T. Mierzwa, Esq.
     Simon PLC
     750 Third Avenue, Suite 900
     New York, New York 10017
     *Attorneys for Respondents*
     *1st AmeriCard, Inc., Greg*
     *Grainger and Kelly Grainger*